UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| MMT, INC. d/b/a STORMTREE,<br>    Plaintiff,<br><br>v.<br><br>HYDRO INTERNATIONAL, INC., HIL<br>TECHNOLOGY, INC. and HYDRO<br>INTERNATIONAL, plc,<br>    Defendants. | C.A. No. 21-027-JJM-LDA |

## ORDER

Plaintiff MMT, Inc. d/b/a StormTree ("StormTree") brings this action against Defendants Hydro International, Inc., HIL Technology, Inc., and Hydro International, plc ("Defendants") for patent and trademark infringement, misappropriation of trade secrets, breach of the nondisclosure agreement ("NDA"), and fraud stemming from Defendants' alleged wrongful use of StormTree's patented filtration technology. Before the Court is Defendants' Motion to Dismiss for Improper Venue and Lack of Personal Jurisdiction. ECF No. 9. Alternatively, Defendants move this Court to transfer the case where venue is proper in the District of Maine. *Id.* StormTree objects, alleging that venue is proper under a contractual forum selection clause, and under 28 U.S.C. §§ 1391 (b), and 1400 (b). ECF No. 11. Over StormTree's objections, the Court finds that venue is improper in the District of Rhode Island, DISMISSES the case, and TRANSFERS it to the District of Maine.

There are two venue considerations here–a contractual venue clause and statutory provisions.

### Forum Selection Clause

The parties entered into an NDA in conjunction with the sharing of non-public information that was the subject of pending patent applications. It had a forum selection clause that stated:

> This agreement shall be governed by and interpreted in accordance with Rhode Island law and the Parties irrevocably submit to the non-exclusive jurisdiction of the Courts of The State of Rhode Island in respect of any claim, dispute or difference arising out of or in connection with this agreement.

ECF No. 1 at 7-8, ¶ 26; ECF No. 1-4 at 3, ¶ 13. StormTree argues that the forum selection clause controls and should be interpreted to find that the parties agreed to venue in *all* courts within the State of Rhode Island, both federal and state such that venue is proper in this Court.

This Court must determine what the parties intended by the language "the Parties irrevocably submit to the non-exclusive jurisdiction of the courts of The State of Rhode Island." Both parties discuss the First Circuit Court of Appeal's holding in *LFC Lessors, Inc. v. Pacific Sewer Maintenance Corporation*, 739 F.2d 4 (1st Cir. 1984). The court had before it a similarly worded forum selection clause and held that the phrase "of the [state]" in a forum selection clause meant all actions should be brought in state courts because "the word 'of' as it appears in the phrase in question must have been intended to restrict the meaning of both 'law' and 'courts' to those that trace their origin to the state." *Id.* at 7-8. StormTree argues that this

holding was fact and case specific and cannot be applied as a rule to this case. StormTree also argues that there is enough ambiguity in the contract language that it should be construed against Defendants as drafters. Defendants assert that it did not intend to agree to venue in Rhode Island federal court and advocate that *LFC's* conclusion applies such that "courts of the State of Rhode Island" should be interpreted to mean venue is proper in Rhode Island state courts only.

Here, Defendants drafted the NDA and the only substantive edit the parties[1] made was to change the specified permissive venue state from Maine to Rhode Island. StormTree argues that it is significant that Defendants did not specify their intent to consent to venue in state court only, which they could have as the drafters. Aside from Defendants' assertion that they did not consent in the NDA's forum selection clause to jurisdiction in a Rhode Island federal court, a plain reading of the contract language and the case law supports their interpretation.

It all comes down to preposition choice, "in" versus "of." "[F]orum selection clauses using the term 'in [a state]' express[ ] the parties' intent as a matter of geography, permitting jurisdiction in both the state and federal courts of the named state ...." *FindWhere Holdings, Inc. v. Sys. Env't Optimization, LLC*, 626 F.3d 752, 755 (4th Cir. 2010). Conversely, "forum selection clauses that use the term 'of [a state]' connote sovereignty, limiting jurisdiction over the dispute to the

---

[1] It is not clear which party initiated the change though it may be presumed that StormTree sought the change to Rhode Island considering its posture in this motion. In any event, Defendants consented to the change from Maine to Rhode Island.

3

state courts of the named state." *Id.*; *See LFC Lessors*, 739 F.2d at 7. The Court finds that the language of the forum selection clause here, combined with the facts and circumstances of this case, dictates that the parties' agreement to litigate in Rhode Island is limited to its state courts. Next, the Court turns to StormTree's claims to determine whether the general and patent-specific venue statutes provide jurisdiction in the District of Rhode Island.

### General Venue and Patent-Specific Statutes – 28 U.S.C. §§ 1391, 1400(b)

The language of the venue statutes does not permit venue in the District of Rhode Island based on the facts and claims StormTree alleges in its complaint. As for the patent claims (Counts II and III), the United States Supreme Court clarified that the narrower, patent-specific venue statute, 28 U.S.C. § 1400(b), determines venue in patent infringement suits. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1518–19 (2017). According to that statute, venue lies either: (1) in the district where the defendant "resides;" or (2) "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). "'Reside[nce]' in § 1400(b) refers only to the State of incorporation." *Id.* at 1521.

None of the Defendants reside in Rhode Island. Hydro International, Inc. is incorporated in Delaware with its principal place of business in Portland, Maine. HIL Technologies, Inc. is incorporated in Maine and has its principal place of business in Portland, Maine. Hydro International, plc is a United Kingdom private liability company with a principal place of business in Clevedon, United Kingdom. During

4

the events alleged in this case, all Defendants' business was conducted in Portland, Maine. Its business records are maintained in Maine. All key personnel are based out of the Portland, Maine headquarters. Considering these uncontradicted facts, venue is improper in Rhode Island on Counts II and III.

The Court should analyze the remaining claims – trademark infringement (Count IV) and state law claims for breach of the NDA (Count I), misappropriation of trade secrets (Count V), and fraud (Count VI)–under the general venue statute, 28 U.S.C. § 1391. That statute makes venue proper in a judicial district "in which any defendant resides," "in which a substantial part of the events or omissions giving rise to the claim occurred," or "any judicial district in which any defendant is subject to the court's personal jurisdiction." 28 U.S.C. § 1391(b)(1)-(3).

As previously discussed, none of the Defendants resides in Rhode Island and StormTree's allegations do not place any of the events leading to its claims or even any of the key individuals involved in the events in Rhode Island. So the final consideration the Court must make is whether Defendants are subject to its personal jurisdiction. To establish personal jurisdiction, StormTree must show that Defendants have "continuous and systematic contacts" with Rhode Island or make a prima facie showing that its patent and infringement claims, "directly arise out of, or relate to [Defendants'] forum state activities" and that Defendants' Rhode Island contacts represent a "purposeful availment" of conducting activities here such that it

5

is foreseeable that they would end up before this Court. *Copia Comms., LLC v. AMResorts, L.P.*, 812 F.3d 1, 4-5 (1st Cir. 2016).

StormTree does not meet either standard. Defendants have virtually no contact with Rhode Island. StormTree's only allegation in this regard is that Defendants caused it "tortious injury" in Rhode Island. ECF No. 1 at 3, ¶ 7. Regarding specific jurisdiction, StormTree provided a screen grab from Defendants' website that references "Rhode Island" but no other evidence that it targets or markets to Rhode Island customers or has a presence at all in the state. Similarly, StormTree's reliance on a 2016 email where there was an inquiry about using one of Defendants' products – not one that was involved with the NDA – at a project in Warren, Rhode Island does not move the needle to "purposeful availment." The Court does not have personal jurisdiction over Defendants, so venue is not proper here under 28 U.S.C. §1391.

**Transfer Pursuant to 28 U.S.C. § 1406**

As an alternative to dismissing the case outright, Defendants move the Court to transfer it to the District of Maine. Pursuant to 28 U.S.C. § 1406(a), the Court must dismiss unless transfer to a district where the case "could have been brought" would "be in the interest of justice." Here, the Court concludes that it would be in the interest of justice to transfer this case to Maine rather than to dismiss it. As previously noted, 28 U.S.C. § 1400(b) provides that a civil action for patent infringement may be brought "in [1] the judicial district where the defendant resides, or [2] where the defendant has committed acts of infringement and has a regular and

established place of business." Defendants reside in Maine and a substantial part of the events giving rise to the suit took place in Maine. And that court can exercise jurisdiction over the remaining claims arising out of the same set of facts. Accordingly, the Court will exercise its discretion to transfer this case to the District of Maine. *See* 28 U.S.C. § 1406(a).

## IV. CONCLUSION

The Court **GRANTS** Defendants' Motion to Dismiss for Improper Venue in accordance with 28 U.S.C. § 1391(b) and 28 U.S.C. §1400(b). ECF No. 9. Under 28 U.S.C. § 1406, the interests of justice favor transferring this matter to the United States District Court for the District of Maine rather than dismissing the action. Therefore, this action is **TRANSFERRED** to the United States District Court for the District of Maine.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

March 24, 2021

established place of business." Defendants reside in Maine and a substantial part of the events giving rise to the suit took place in Maine. And that court can exercise jurisdiction over the remaining claims arising out of the same set of facts. Accordingly, the Court will exercise its discretion to transfer this case to the District of Maine. *See* 28 U.S.C. § 1406(a).

## IV. CONCLUSION

The Court **GRANTS** Defendants' Motion to Dismiss for Improper Venue in accordance with 28 U.S.C. § 1391(b) and 28 U.S.C. §1400(b). ECF No. 9. Under 28 U.S.C. § 1406, the interests of justice favor transferring this matter to the United States District Court for the District of Maine rather than dismissing the action. Therefore, this action is **TRANSFERRED** to the United States District Court for the District of Maine.

IT IS SO ORDERED.

John J. McConnell, Jr.
Chief Judge
United States District Court

March 23, 2021

7